IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

BENITO  COLON  SOTO

XXX-XX-8363

                    Debtor(s)

CASE NO. 12-01630 BKT

Chapter 13

FILED & ENTERED ON 07/24/2012

## OPINION AND ORDER

Before the court is the Chapter 13 Trustee's (the "Trustee") Objection to Debtor's Claimed Exemptions (Dkt. No. 28) and Debtor's Answer to Trustee's Objection to Claimed Exemptions (Dkt. No. 29).  The Trustee argues that under the Puerto Rico Home Protection Act No. 195, enacted on September 13, 2011(in Spanish titled "Ley del Derecho de la Protección del Hogar Principal y el Hogar Familiar,") referred to herein as the "PR Home Protection Act," the homestead exemption claimed by Debtor is inapplicable to bankruptcy cases. Therefore, the Trustee requests that Debtor's claim for exemptions under the PR Home Protection Act be disallowed. In addition the Trustee requests that Debtor include a detailed list of the "household goods and appliances," with the value assigned to each item, submit evidence of such values and amend Schedule C to take the exemption that applies to each item listed in Schedule B. For the reasons set forth below, the Objection to Exemptions is GRANTED and Debtor's claim for homestead exemption pursuant to the PR Home Protection Act is DENIED.

I.    FACTUAL BACKGROUND

On March 2, 2012 Debtor, Benito Colon Soto, filed a chapter 13 bankruptcy petition (Dkt. No. 1). Debtor listed their primary residence in Schedule A with a value, as of the date of the filing of the petition, of $300,000.00. (Dkt. No. 14). As it appears from Schedule D, said property has a mortgage lien in the amount of $163,369.53 (Dkt. No. 14). As it appears from Schedule C, Debtor claims a homestead exemption over their primary residence for the value of the property of $163,630.47, pursuant to the PR Home Protection Act (Dkt. No. 17).

The Trustee argues that the recent PR Home Protection Act is inapplicable to bankruptcy cases, and, as such, Debtor's homestead exemption must be disallowed.  The Trustee mainly relies on the specific waivers to the homestead exemption that the PR Home Protection Act incorporates in its Article 4 and the ruling made in case: In re Hernandez, __B.R.__2012_WL1255126*3 (Bkrtcy.D.Puerto Rico, 2012).

II.    DISCUSSION AND ANALYSIS

Under section 541 of the Bankruptcy Code, all of debtor's assets become property of the bankruptcy estate upon the filing of the bankruptcy petition. This, however, is subject to debtor's right to reclaim certain property as exempt under section 522. 11 U.S.C. §522.

Article 4 of the PR Home Protection Act provides that the homestead protection is unwaivable, except in those circumstances expressly enumerated in said article. Applicable to this case, Article 4(d) provides that the homestead protection is waived in those cases where the Bankruptcy Code is applicable. Thus, by its plain terms, the protections, of the PR Home Protection Act are exclusive of the exemptions afforded by the Bankruptcy Code. Pursuant to Article

4 of the PR Home Protection Act, when Debtor filed for bankruptcy, he automatically waived the homestead protection provided therein. See In re Hernandez, __B.R.__2012 WL1255126*3 (Bkrtcy. D. Puerto Rico, 2012)

III.  CONCLUSION

WHEREFORE, IT IS ORDERED that the Trustee's Objection to Exemptions shall be, and it hereby is, GRANTED and Debtor's claim for homestead exemption pursuant to the PR Home Protection Act shall be, and it hereby is, DENIED. Further, the Debtor shall file a detailed list of the "household goods and appliances," with the value assigned to each item, submit evidence of such values and amend Schedule C to take the exemption that applies to each item listed in Schedule B within fourteen (14) days.

IT IS SO ORDERED.

San Juan, Puerto Rico this 24 day of July, 2012.

Brian K. Tester
U.S. Bankruptcy Judge